UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRESTLE 450WBWAY, LLC,

                Plaintiff,

vs.

BULLDOG REAL ESTATE, LLC,

                Defendant.

Case No. 1:25-cv-1514

**STIPULATED CONFIDENTIALITY ORDER**

The parties have agreed to the sharing of certain sensitive information on a confidential basis. The terms of that agreement are as follows:

**Definitions.**

"Confidential" Information or Items: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under the applicable rules such as trade secrets or commercial information which is not publicly known (e.g. pricing for products, contracts with customers, private company financial information) or is of technical or commercial nature that gives an advantage to its possessor, or other information required by law or agreement to be kept confidential.

Receiving Party: A Party that has received Confidential Information or Items from a Producing Party.

Producing Party: A Party or non-party that produces Confidential Information or Items in this action. Any non-party that becomes a Producing Party may designate Confidential Information or Items in the same manner as a Party and shall receive all of the same protections and safeguards for its confidential and proprietary materials afforded by this Stipulated Confidentiality Agreement as would a Party.

Designating Party:  A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

Protected Material:  Any material that is designated as "Confidential."

Outside Counsel:  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

In-House Counsel:  Attorneys who are employees of a Party.

Counsel: (without qualifier):  Outside Counsel and In-House Counsel (as well as their support staffs).

**Scope.**

The protections conferred by this Stipulated Confidentiality Agreement cover not only Protected Material (as defined above), but also any information copied or extracted therefrom as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties (non-parties) or counsel to or in court or in other settings that might reveal Protected Materials.

**Duration.**

Even after the termination of this case and any appeals thereto, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**Designation and Maintenance of Information.**

(a)     Documents and things produced during the course of this litigation may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL**

(or)

2


**CONFIDENTIAL INFORMATION**
**SUBJECT TO STIPULATED CONFIDENTIALITY AGREEMENT**

(b)     To the extent the parties have already disclosed any Confidential documents and/or information, the Producing Party may retroactively designate such previously produced documents and/or information Confidential following the entry of this order in accordance with the provisions set forth herein.

(c)     Documents Available for Inspection: A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions) (e.g., by making appropriate markings in the margins) designating that portion of the materials "CONFIDENTIAL"..

(d)     Materials containing Confidential Information shall be maintained in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Stipulated Confidentiality Agreement.

**Inadvertent Failure to Designate.**

The inadvertent failure to designate or withhold any information as confidential will not be deemed to waive a later claim as to its confidential nature, or to stop the Designating Party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the Receiving Party as confidential from the time the Receiving Party is notified in writing by the Designating Party of the designation of the material as confidential.

Disclosure of privileged information does not operate as a waiver of the asserted privilege if:

   a)   Disclosure was inadvertent;

   b)   The holder of the privilege took reasonable steps to prevent disclosure; and

   c)   The holder took reasonable steps to rectify the error.

**Challenge to Designations.**

A Receiving Party may challenge a Designating Party's designation at any time. Any Receiving Party disagreeing with a designation may request in writing that the Designating Party change the designation. The Designating Party shall then have **five (5)** calendar days after receipt of a challenge notice to advise the Receiving Party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this **five (5)** calendar day time frame, and after a meet-and-confer conference or teleconference, the Receiving Party may at any time thereafter seek a Court Order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Stipulated Confidentiality Agreement.

**Disclosure and Use of Confidential Information.**

4

(a)     Information designated as Confidential Information may only be used for purposes of the above-captioned litigation and any appeal thereof.  Confidential Information may not be used under any circumstances for any other purpose.

(b)     Confidential Information may be disclosed by the Receiving Party only to the following individuals provided that such individuals are informed of the terms of this Confidentiality Order:  (i) employees of the Receiving Party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, (ii) in-house counsel for the Receiving Party; (iii) outside counsel for the Receiving Party; (iv) supporting personnel employed by (ii) and (iii), such as paralegals, legal secretaries, data entry clerks, legal clerks and private photocopying services; (v) Experts or Consultants; (vi) Professional Vendors; (vii) deposition witnesses (provided he or she signs the Confidentiality Agreement in the form attached as Exhibit A), and (viii) those individuals designated in paragraph (e) below.

(c)     Prior to being provided access to Confidential Information, third-party Professional Vendors shall sign the Confidentiality Agreement in the form attached as Exhibit A.

(d)      A Producing Party or its counsel may designate deposition exhibits or deposition transcripts (or select portions thereof) as Confidential either by: (a) a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (b) written  notice, sent to all Parties within ten (10) business days of receipt of the deposition transcript or other pretrial testimony in which case the reporter and all counsel receiving notice of the designation shall be responsible for appropriately marking the copies of the transcript in their possession or under their control as directed by the designating party.  Prior to the ten days following receipt by the examining attorney of a deposition transcript, all Parties will treat the entire deposition transcript as if it had been designated Confidential.  At or before the end of such ten day period, the deposition shall be classified appropriately.

(e) Confidential Information may be disclosed to a person, not bound by this Confidentiality Order, if:

(i) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a corporate designee;

(ii) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(iii) counsel for the party designating the material agrees that the material may be disclosed to the person. In the event of disclosure under this paragraph, only the court reporter, the person, his or her counsel, the judge and court personnel, and persons who are bound by the Stipulated Confidentiality Agreement, may be present during the disclosure or discussion of confidential information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

And also to:

(iv) this Court and its personnel under seal.

**Unauthorized Disclosure of Protected Material.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protective Material to any person or in any circumstance not authorized under this Stipulated Confidentiality Agreement, the Receiving Party must immediately (a) notify in writing the Designating Party of the disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the appropriate Confidentiality Agreement that is attached hereto as Exhibit A.

**Non-Party Information.**

The existence of this Stipulated Confidentiality Agreement shall be disclosed to any person producing documents, tangible things or testimony in this litigation. Any such person may designate documents, tangible things or testimony confidential pursuant to this Stipulated Confidentiality Agreement.

**Filing Documents With the Court.**

The parties acknowledge that this Stipulated Confidentiality Agreement obligates the Receiving Party not to file Confidential Information with the Court, except under seal. If Confidential Information is to be included in any papers to be filed in Court in this Litigation, such papers shall be labeled "Confidential – Subject to Court Order" and filed under seal in accordance with the procedures set forth by the Court. Where possible, only the portions of filings with the Court that is designated as Confidential Information shall be filed under seal.

**No Prejudice.**

Producing or receiving confidential information, or otherwise complying with the terms of this Stipulated Confidentiality Agreement, shall not (a) operate as an admission by any party that any particular confidential information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further Stipulated Confidentiality Agreements; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**Other Proceedings.**

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Stipulated Confidentiality Agreement that may be subject to a motion to disclose another party's information designated confidential pursuant to this Stipulated Confidentiality Agreement, shall promptly notify that party of the motion so that it may have a reasonable opportunity to appear and be heard on whether that information should be disclosed.

**Conclusion of Litigation.**

Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Stipulated Confidentiality Agreement shall be under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information, and to certify in writing to the Producing Party such destruction or return. However, outside counsel for any party shall be entitled to retain an archival copy of all court papers, trial transcripts, exhibits and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Stipulated Confidentiality Agreement.

**Counterparts.**

The parties may execute this stipulation by counterparts, provided all signatures are submitted to the Court at the time approval of its terms are sought.

| | |
|---|---|
| DUANE MORRIS LLP | KANE KESSLER, P.C. |
| *Luke McLoughlin* (signature) | (signature) |
| Luke P. McLoughlin | David A. Gold |
| 30 S. 17th Street | 600 Third Avenue |
| Philadelphia, PA 196103 | New York, NY 10016 |
| 215-979-1000 | 212-519-5163 |
| Luke@duanemorris.com | dgold@kanekessler.com |
| *Counsel for Plaintiff*  May 20th, 2025 | *Attorney for Defendant* |

**SO ORDERED**, this 28th day of May, 2025.

BY THE COURT:

*Jennifer E. Willis* (signature)

J. Jennifer E. Willis
United States Magistrate Judge

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

TRESTLE 450WBWAY, LLC,

        Plaintiff,

vs.

BULLDOG REAL ESTATE, LLC,

        Defendant.

Case No. 1:25-cv-1514

---

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I affirm that:

Information, including documents and things, designated as "Confidential Information" as defined in the Stipulated Confidentiality Agreement entered in the above-captioned action (hereinafter "Stipulated Confidentiality Agreement"), is being provided to me pursuant to the terms and restrictions of the Stipulated Confidentiality Agreement.

I have been given a copy of and have read the Stipulated Confidentiality Agreement.

I am familiar with the terms of the Stipulated Confidentiality Agreement and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Stipulated Confidentiality Agreement.

I agree not to use any Confidential Information disclosed to me pursuant to the Stipulated Confidentiality Agreement except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Stipulated Confidentiality Agreement, without the express written consent of the party who designated such information as confidential or by order of this Court. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Stipulated Confidentiality Agreement and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information are to be returned to counsel who provided me with such documents and materials.

2

Date: _____    _____
(Signature)

_____
(Printed Name)

## CERTIFICATE OF SERVICE

    I, hereby certify that a true and correct copy was served on Defendant's counsel via the electronic case filing system.

                                                             */s/Luke P. McLoughlin*

                                                             Luke P. McLoughlin